No. 23,949.

A. G. WEIDE and L. D. HAMACHER, *Appellees,* v. CARLISLE COM-
MISSION COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

CONTRACT OF EMPLOYMENT—*Waiver or Postponement of Payment for Serv-
ices.* In an action to recover for services under a written contract of em-
ployment, the evidence examined and held sufficient to show that plain-
tiffs only agreed that their payment should be postponed, not that pay-
ment should be waived; and the defendant was liable therefor.

Appeal from Woodson district court; ROBERT E. CULLISON, judge. Opinion
filed April 7, 1923. Affirmed.

G. H. *Lamb,* and W. E. *Hogueland,* both of Yates Center, for the ap-
pellant.

S. C. *Holmes,* of Yates Center, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover for services under a
written contract of employment to purchase hay. The trial was
to the court. The plaintiffs prevailed and the defendant appealed
and contends that the judgment is contrary to the evidence and the
law.

The defendant, a commission firm dealing in hay at Kansas City,
in June, 1918, employed plaintiffs, residing in Woodson county, to
purchase hay to be shipped defendant by a written contract of
employment which provided that all prices and terms were to be
dictated by defendant, the plaintiffs to make the purchases, per-
form certain prescribed duties about inspecting, grading, getting
cars, loading, etc., and to receive for their services fifty cents per ton
for the hay so purchased. The payments were to be made as the
hay was shipped. Under this employment plaintiffs, during the sum-
mer and fall of 1918, bought and shipped a large quantity of hay for
defendant, which it received and paid for. The business apparently
was being conducted satisfactorily to both parties, who conferred
with each other by letter or telephone almost daily. Among the
purchases made was a purchase made in August of 2,000 tons from
Cantrell. This purchase was reported to defendant and confirmed
by him. In November, after about 1,500 tons of the Cantrell hay
had been shipped, defendant represented to plaintiffs that this hay

was not making him any money and asked plaintiffs to waive their fifty cents per ton on the balance of the Cantrell hay or to permit the postponement of such payment. This was the principal question in the case, that is, was the payment entirely waived, or was the payment of it by the agreement of the parties simply postponed? There are some other questions in the case as to whether or not the plaintiffs had performed all of the duties in respect to this hay, such as grading, testing, procuring cars, looking after loading, etc., which by their contract, they were to do in order to be entitled to the fifty cents per ton. The judgment of the trial court in favor of the plaintiffs, in effect found that the payment had not been waived, but that its payment was simply postponed to a reasonable time and that a reasonable time had elapsed before the suit was brought, and that plaintiffs had performed the services under the contract to be entitled to the fifty cents per ton. There is ample evidence in the record to sustain the judgment construed as including all these findings. It would serve no good purpose to analyze the evidence in detail. The judgment of the court below is affirmed.